FILED26 MAY '23 16:00USDC-ORP

Julie Vandiver
Assistant Federal Public Defender
Email: Julie_Vandiver@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROGER JAMES SANDERS,** | Case No. 3:23-cv-739 AN |
| Petitioner, | PETITION PURSUANT TO 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| v. | |
| **PATRICK GARRETT,** as SHERIFF of WASHINGTON COUNTY. | Expedited Consideration Requested |
| Respondent. | |

The petitioner, Roger James Sanders, is one of hundreds of Oregonians who are suffering an ongoing deprivation of liberty – both in jail and on conditional release – in violation of the federal constitutional right to be represented by an attorney when charged with a crime. He, like so many others, is enduring irreparable harm from not having an attorney: no one to counsel him about his charges; no one to investigate his case and preserve relevant evidence; no one to argue on his behalf before prosecutors and judges. The promise of *Gideon v. Wainwright*, 372 U.S. 335 (1963), was that no one, no matter their charges, must face the power of the State alone. That promise is currently being betrayed with no remedy through the state courts. Under these

circumstances, the federal writ of habeas corpus provides the emergency backstop against unlawful custody, which the petitioner now invokes.

## I. INTRODUCTION

The petitioner seeks habeas corpus relief under 28 U.S.C. § 2241 because he has been unconstitutionally subjected to the custody of the Washington County Sheriff (Sheriff) since on or about February 14, 2023. The Sheriff is holding him in jail based on a pending criminal prosecution brought in the name of the State of Oregon: *State v. Roger James Sanders*, Washington County Circuit Court Case No. C131242CR. In that prosecution, Mr. Sanders is presently without the assistance of appointed counsel due to a state-wide unavailability of qualified defense attorneys. His continued custody violates the rights to counsel, equal protection under the law, and due process, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Because his custodian, the Sheriff, named in his official capacity, is holding Mr. Sanders in violation of his federal constitutional rights, the Court should grant the petition for a writ of habeas corpus and order his release and such other remedy as "law and justice require" under 28 U.S.C. § 2243. Mr. Sanders is indigent and the United States District Court of Oregon previously appointed undersigned counsel on May 25, 2023, by letter, to represent him in this matter.

## II. RELEVANT FACTS

1.  Mr. Sanders is charged in Washington County Circuit Court Docket No. C131242CR with two counts of unlawful sexual penetration in the first degree and three counts of sexual abuse in the first degree.

**Page 2  PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**

2. Mr. Sanders is currently incarcerated on those charges in the custody of the Washington County Sheriff and has been housed at the Washington County Detention Center since February 14, 2023.

3. Mr. Sanders was charged by information on May 30, 2013, with the charges listed in paragraph 1. He was appointed counsel on May 30, 2013. After a jury trial, Mr. Sanders was acquitted of one count of unlawful sexual penetration and found guilty of two counts of sexual abuse by a non-unanimous jury.[1] The opinion in *Watkins v. Ackley*, 370 Or 604, 633 (2022), voided any conviction obtained through a non-unanimous verdict. The Oregon Supreme Court recognized that the decision would "lead to the reexamination of many judgments that became final years or decades ago" but found that the overriding right to a unanimous jury verdict outweighed the countervailing interest in finality. *Id.* at 634.

4. On February 9, 2023, the Circuit Court of Marion County, Oregon, issued a stipulated judgment in *Sanders v. Kelly*, No. 20CV46619, stating that all of Mr. Sanders' convictions were based on nonunanimous jury verdicts, all convictions should be vacated in light of *Watkins*, and the criminal case should be remanded to Washington County Circuit Court. Mr. Sanders was transferred out of the custody of the Department of Corrections and into the custody of the Washington County Sheriff on February 14, 2023. Mr. Sanders was and remains indigent and eligible for court-appointed counsel.

5. Since his return to the Washington County Detention Center, Mr. Sanders has not had a single court appearance. On March 29, 2023, an Order was entered by the Washington County Circuit Court finding that Mr. Sander's request for court-appointed counsel was approved

---

[1] Two counts were dismissed by the State before the case went to the jury.

Page 3  PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241

but naming only the Office of Public Defense Services (OPDS) as his counsel. In the 100 days that Mr. Sanders has waited in the Washington County Detention Center, no individual attorney has appeared on his behalf, and he has not been before a judge. The circuit court calendared a case management hearing for June 6, 2023.

6. Mr. Sanders has suffered and continues to suffer irreparable harm from his unconstitutional custody while subject to criminal prosecution. He has been unable to receive advice or advocacy from counsel during the pendency of his charges. As days pass, Mr. Sanders loses the opportunity for counsel to investigate his case, press for his release, or advocate for dismissal or settlement of his charges.

7. The Oregon courts are in the midst of a criminal defense representation crisis that has been developing for years. The American Bar Association's Standing Committee on Legal Aid and Criminal Defense spent two years investigating and analyzing Oregon's public defense system. The Committee published *The Oregon Project, An Analysis of the Oregon Public Defense System* in January 2022.[2] The report concluded that Oregon needs three times the number of criminal defense attorneys than it currently has to adequately staff the criminal cases pending in the state courts.

8. Efforts to remedy the problem have failed. On January 27, 2020, Chief Justice Walters of the Oregon Supreme Court sent a message to the Bar pleading for attorneys to take appointed cases. Ex. 1; OPB, *Oregon's Chief Justice Asks Lawyers To Step Up As Public*

---

[2] Last accessed May 26, 2023, and available at:
https://www.americanbar.org/content/dam/aba/administrative/legal_aid_indigent_defendants/ls-sclaid-or-proj-rept.pdf

Page 4   PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241

*Defenders*, OPB (January 28, 2022).[3] Starting in April and May, courts around Oregon began dismissing criminal cases because they did not have attorneys available to represent the defendants. Associated Press, *Oregon Faces Major Public Defender Crisis, Case Dismissals*, U.S. News and World Report (April 7, 2022).[4] Yet hundreds of individuals facing criminal charges remain without lawyers after arraignment, many of whom have been held in jail. Karina Brown, *Oregon Public Defender Crisis Spurs Lawsuit*, Courthouse News Service (May 16, 2022).[5] This crisis shows no signs of being alleviated. Zane Sparling, *'No Sense of Justice': Hundreds cycling through Oregon courts without public defenders*, OregonLive (September 27, 2022).[6] The number of unrepresented criminal defendants like Mr. Sanders is only increasing statewide:[7]

---

[3] Last accessed May 26, 2023, and available at:
https://www.opb.org/article/2022/01/28/oregons-chief-justice-asks-lawyers-to-step-up-as-public-defenders/

[4] Last accessed May 26, 2023, and available at:
https://www.usnews.com/news/best-states/oregon/articles/2022-04-07/oregon-faces-major-public-defender-crisis-case-dismissals

[5] Last accessed May 26, 2023, and available at:
https://www.courthousenews.com/oregon-public-defender-crisis-spurs-lawsuit/

[6] Last accessed May 26, 2023, and available at:
https://www.oregonlive.com/crime/2022/09/no-sense-of-justice-1300-criminal-cases-in-limbo-as-oregons-public-defender-shortage-mounts.html

[7] Last accessed May 25, 2023, and available at:
https://www.oregon.gov/opds/general/Pages/Unrepresented.aspx

Page 5  **PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**



9. While policymakers debate solutions, individuals like Mr. Sanders bear the weight of the crisis. Tony Schick, *Oregon Lawmakers Consider Bill to Overhaul Public Defense System*, Oregon Public Broadcasting (April 3, 2023);[8] Conrad Wilson, *Oregon Governor Roils Public*

---

[8] Last accessed May 24, 2023, and available at:
https://www.opb.org/article/2023/04/03/oregon-legislature-bill-to-overhaul-public-defense-system/

*Defense Overhaul With Last-Minute Legislative Changes*, Oregon Public Broadcasting (May 22, 2023).[9]

10.     The *Watkins* decision has added to the number of defendants in need of representation. However, those who have had their convictions vacated following *Watkins* are not less deserving of counsel. Indeed, Mr. Sanders has already been imprisoned for a decade without first being found guilty by a fair and reliable jury verdict. *Watkins*, 370 Or. at 631. While any criminal defendant is presumed innocent, after the state was once unable to secure a unanimous verdict, the "accuracy of petitioner's conviction and the convictions of those similarly situated is seriously in question due to the denial of a unanimous jury." *Id.* at 643-44. (Baldwin, J. concurring). As Mr. Sanders sits in jail without counsel, he is denied the tools necessary to challenge the state's case.

### III.   CLAIMS FOR RELIEF

#### First Claim for Relief
#### Violation Of The Right To Counsel

11.     Based on the foregoing, Mr. Sanders's custody violates the Sixth Amendment, made applicable to the State of Oregon through the Fourteenth Amendment, which guarantees indigent defendants charged with felonies the right to appointed counsel to assist in their defense following initiation of criminal proceedings. *Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 194 (2009); *Gideon v. Wainwright*, 372 U.S. 335 (1963). "The Constitution's guarantee of assistance

---

[9] Last accessed May 24, 2023, and available at:
https://www.opb.org/article/2023/05/22/oregon-public-defense-crisis-legislative-overhaul-kotek-changes/

of counsel cannot be satisfied by mere formal appointment." *Avery v. Alabama*, 308 U.S. 444, 446 (1940).

12. The Sixth Amendment requires the presence of counsel at all critical stages of the criminal process. *United States v. Wade*, 388 U.S. 218, 237 (1967); *Powell v. Alabama*, 287 U.S. 45, 57 (1932). "In deciding what qualifies as a critical stage, courts have recognized that the period from arraignment to trial is 'perhaps the most critical period of the proceedings.'" *United States v. Hamilton*, 391 F.3d 1066, 1070 (9th Cir. 2004) (simplified) (quoting *Wade* and *Powell*). Arraignments are "[a]mong the stages of a prosecution deemed 'critical' for Sixth Amendment purposes[.]" *Id.* (citing *Hamilton v. Alabama*, 368 U.S. 52, 53-55 (1961)). Preliminary hearings and bail hearings are also critical stages, *Coleman v. Alabama*, 399 U.S. 1, 9-10 (1970), as is "the process of plea bargaining and period of defendant's potential cooperation with the government." *Id.* (citing *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003)).

13. The Sixth Amendment right to "'counsel is by far the most pervasive'" of all constitutional rights because it affects a defendant's "'ability to assert any other rights he may have.'" *United States v Cronic*, 466 U.S. 648, 654 (1984) (quoting Walter V. Schaefer, *Federalism and State Criminal Procedure*, 70 HARV. L. REV. 1, 8 (1956)). Deprivation of the right to the assistance of counsel in criminal proceedings constitutes structural error and is prejudicial per se. *Hamilton*, 391 F.3d at 1070 ("Where counsel is absent during a critical stage, the defendant need not show prejudice. Rather, prejudice is presumed, 'because the adversary process itself has become presumptively unreliable.'" (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (quoting *Cronic*, 466 U.S. at 659))).

### Second Claim For Relief:
### Violation Of Procedural Due Process By Prosecution Without Counsel

14. Based on the foregoing, Mr. Sanders is in custody in violation of the procedural due process guaranteed by the Fifth and Fourteenth Amendments. The balance of interests establishes that, where liberty is at issue and the State is represented by counsel, requiring the indigent defendant who has not waived counsel to proceed without counsel is unconstitutional. *See United States v. Salerno*, 481 U.S. 739, 746 (1987) (citing *Matthews v. Eldridge*, 424 U.S. 319 (1976)). The failure to provide counsel to Mr. Sanders has deprived him of important procedural protections. Conducting proceedings with Mr. Sanders in the absence of counsel and without a voluntary waiver in compliance with *Faretta v. California*, 422 U.S. 806 (1975), requires him to either make uncounseled statements and interact directly with the court hearing his case and the prosecutor charging him, or alternatively lose the opportunity to be heard.

### Third Claim for Relief:
### Violation Of Equal Protection And Due Process Based On Indigency

15. Based on the foregoing, Mr. Sanders is in custody in violation of the equal protection and due process protections against discrimination based on wealth. *Bearden v. Georgia*, 461 U.S. 660, 665 (1983) (where discrimination is based on indigency, "[d]ue process and equal protection principles converge in the Court's analysis[.]")

### IV. PRELIMINARY REBUTTAL OF PROCEDURAL DEFENSES

16. Without waiving any requirement that the respondent affirmatively raise defenses, and reserving his right to address any such defenses in the course of a full adversary proceeding after appropriate factual development, Mr. Sanders contends that neither *Younger* abstention under *Younger v. Harris*, 401 U.S. 37 (1971), nor exhaustion of state remedies is required for his claims.

17. A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 does not include a statutory exhaustion requirement. Instead, the discretionary requirement of exhaustion in § 2241 cases involving state custody is judicially-created to preserve the principles of federalism underlying the *Younger* abstention doctrine.

18. Under the *Younger* doctrine, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct [federal courts] to abstain from exercising [] jurisdiction in certain circumstances when . . . asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019).

19. *Younger* abstention involves a consideration of four factors. Stated in the § 2241 context, "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges [*i.e.* opportunity to exhaust]; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page*, 932 F.3d at 901-02 (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

20. Because the third and fourth factor are not met here, neither abstention nor its counterpart of exhaustion are required.

21. The prudential requirement of exhaustion is based on principles of comity and requires that the state court be willing to entertain the alleged constitutional violations and able to provide a remedy for them. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The doctrine gives the state courts "an initial 'opportunity to pass upon and correct' alleged violations" of federal rights.

*Id.* (quoting *Wilwording v. Swenson,* 404 U.S. 249, 250 (1971)) (further citations omitted).[10] Where a state court is unable or unwilling to correct the federal constitutional violations, exhaustion is excused because "there is an absence of available State corrective process" or the processes which are available are "ineffective to protect the rights of" the petitioner, even where a state judgment is involved. 28 U.S.C. § 2254(b)(1)(B)(i)&(ii).

22. Here, beyond merely requesting appointment of counsel, as he has already done, there is no viable state remedy for Mr. Sanders' constitutional claims. First, there is no effective means of raising the lack of counsel in state court that Mr. Sanders can pursue without adequate representation to do so. *See, e.g.,* Or. Rev. Stat. § 34.310; *Rico-Villalobos v. Giusto,* 339 Or. 197 (2005) (providing state habeas remedy that can be pursued with adequate representation).

23. Moreover, this is not a case where the Oregon's courts have made a mistake of law or are unaware of constitutional violations. Instead, the Oregon courts have proven for the last several years that they are unable to remedy the problems with the lack of available counsel for indigent defendants because the state's public defense is structurally flawed and under resourced. As a result, the constitutional violations raised here have been repeatedly occurring in thousands of criminal cases and will continue to occur absent federal court intervention. Any further exhaustion of Mr. Sanders' state remedies would be futile.

24. Under *Younger*'s fourth factor, Mr. Sanders' claims regarding his continued custody pursuant to a state prosecution in which he has been denied representation by counsel is

---

[10] *Wilwording* constitutes precedential authority although superseded by statute on other grounds. *See* 42 U.S.C. § 1997e *et seq.*

**Page 11 PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**

distinct from the underlying criminal prosecution. *Younger* abstention is therefore inapplicable here because no state court criminal proceedings would be enjoined.

25. The claims raised here are similar to challenges to constitutionally inadequate bail hearings, which have been held distinct from the merits of the state criminal prosecution for *Younger* purposes. *Page*, 932 F.3d 904 (*Younger* not applicable where petitioner's challenge was to the state's alleged failure to hold a constitutionally-adequate probable cause hearing); *Arevalo*, 882 F.3d at 766 ("*Younger* abstention is not appropriate in this case because the issues raised in the bail appeal are distinct from the underlying criminal prosecution and would not interfere with it"); *see Gerstein v. Pugh*, 420 U.S. 103, 107 n.9 (1975) (*Younger* not applicable because "the injunction was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"). *Younger* abstention and exhaustion are not required.

26. Even if the four *Younger* factors were present, *Younger* abstention is not warranted and exhaustion should be excused because of "extraordinary circumstances where irreparable injury can be shown." *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012); *see also Page*, 932 F.3d at 903.

27. The ongoing deprivation of Mr. Sanders' constitutional rights in his state prosecution and the ongoing deprivation of his physical liberty by detention constitutes irreparable injury that requires intervention before trial. *Arevalo*, 882 F.3d at 767 (finding over six months of incarceration without a constitutionally adequate bail hearing "easily [fell] within the irreparable harm exception to *Younger*"); *see also Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992)

(finding extraordinary circumstances that would result in irreparable injury for challenge to violation of the double jeopardy clause).[11]

28.  Here, although presumptively innocent, Mr. Sanders has been detained under official charges of the state without counsel for approximately 100 days. He continues to face criminal prosecution and critical stages of his case in the absence of counsel. This extraordinary deprivation of the most fundamental constitutional rights constitutes irreparable injury that cannot be fixed with any post-trial adjudication, and, therefore, this Court should address the merits of the petition.

## V.  PRAYER FOR RELIEF

Petitioner Roger James Sanders, respectfully requests that this Court:

1.  Grant a Writ of Habeas Corpus and order the Petitioner brought before this Court so that he might be discharged from his unconstitutional confinement and restraint.

2.  Grant Petitioner the right to conduct discovery, including the right to take depositions, request admissions, and propound interrogatories, as well as the means to preserve the testimony of witnesses.

3.  Permit Petitioner a reasonable opportunity to supplement this Petition to include claims that become known as a result of ongoing investigation and information that may hereafter become known to counsel.

---

[11] Because *Mannes* involved a habeas petition brought pursuant to 28 U.S.C. § 2254, the petitioner was required pursuant to statutory requirements to have exhausted state remedies. By contrast, the present petition is brought under 28 U.S.C. § 2241, which does not contain a statutory exhaustion requirement and is only subject to the judicially-created prudential exhaustion doctrine described herein.

**Page 13 PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, 28 U.S.C. § 2241**

4.   Order and conduct an evidentiary hearing at which proof may be offered concerning each of the allegations in the Petition.

5.   After a full consideration of the issues raised in this petition, declare that Mr. Sanders' rights under the Fifth, Sixth, and Fourteenth Amendments have been violated by his continued prosecution and confinement without the appointment of counsel.

6.   After full consideration of the issues raised in this Petition, order that the Respondents must dismiss all charges against Mr. Sanders in any court and remove all restraints on his liberty until Respondents can provide Mr. Sanders with counsel at court expense.

7.   Grant Petitioner such further relief as is appropriate and just.

Respectfully submitted, this 26th day of May, 2023.

*/s/ Julie Vandiver*
Julie Vandiver
Attorney for Petitioner